### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. PX -18-093-8 |
| CEDRIC LEVAUGHN HARDIE | |
| Defendant. | |

### MEMORANDUM ORDER

Defendant Cedric Hardie moves to expunge any record of his federal criminal conviction. *See* ECF No. 353. For the following reasons, the request must be denied.

On May 25, 2018, Hardie pleaded guilty to conspiracy to distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine. ECF No. 83. The Court sentenced Hardie to 41 months imprisonment, followed by three years supervised release. ECF No. 148. On April 27, 2026, Hardie filed his motion to expunge, citing his lack of subsequent criminal involvement and years of productivity in support. ECF No. 353. Hardie also emphasizes that the conviction hinders his ability to obtain necessary clearances for his trucking business. *Id.*

Although the Court commends Hardie for his admirable progress, it regrettably lacks the power to grant his requested relief. Congress has conferred on the courts expungement power only to amend inaccurate records, s*ee* 5 U.S.C. § 552a(d)(2) (2012), or for certain drug-possession offenses, *see* 18 U.S.C. § 3607(c) (2012). Likewise, any inherent power to expunge a record of conviction, if it exists, would only apply in the most exceptional circumstances. The Fourth Circuit observed, nearly 40 years ago, that a federal court has limited equitable power to expunge

convictions, to be exercised only in "exceptional circumstances." *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984). At that time, courts found that expungement of a conviction was appropriate if "necessary to preserve basic legal rights," *Shipp v. Todd*, 568 F.2d 133, 134 (9th Cir. 1978) (quoting *United States v. McMains,* 540 F.2d 387, 389 (8th Cir. 1976)), such as when the conviction was obtained unconstitutionally or because of government misconduct. *See Allen*, 742 F.2d at 154.

Ten years after the decision in *Allen v. Webster*, the Supreme Court of the United States decided *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), narrowing a court's equitable discretion to exercise "ancillary jurisdiction" to two circumstances: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id*. at 379-80. Since *Kokkonen* was decided, courts around the country have ruled that a district court lacks discretion to grant expungement on equitable grounds*. See, e.g., United States v. Lucido*, 612 F.3d 871, 875-76 (6th Cir. 2010); *Doe v. United States*, 833 F.3d 192, 198 (2d Cir. 2016). The Fourth Circuit has done so as well, albeit in an unpublished decision. *See United States v. Mettetal*, 714 F. App'x. 230, 234-35 (4th Cir. 2017). In *Mettetal,* the Fourth Circuit noted the growing trend among the circuits concluding that *Kokkonen* "outright bars federal courts from invoking ancillary jurisdiction to expunge criminal records for purely equitable reasons." *Id*. at 234 (quoting, among others, *United States v. Dunegan*, 251 F.3d 477, 479 (3rd Cir. 2001)). *See also United States v. McMiller*, Case No. 5:06-CR-00007, 2023 WL 7027973 (W.D. Va. Oct. 25, 2023).

Mr. Hardie's progress does not meet the extraordinarily high bar set prior to *Kokkonen*. Mr. Hardie pleaded guilty to the crime and completed his sentence, which he does not contest as

being unlawful in any way.  While the Court acknowledges his desire to pursue opportunities in his business, no exceptional circumstances exist supporting expungement, and the Court lacks discretion in any event.

Accordingly, it is this 1st day of June, 2026, by the United States District Court for the District of Maryland hereby ORDERED that:

1.    The motion for expungement BE, and the same hereby IS, DENIED; and

2.    The Clerk will mail a copy of this Memorandum and Order to Hardie at his last known address.

Dated: June 1, 2026

_____/S/_____
Paula Xinis
United States District Judge